# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCHAWBEL TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>THE HEAT FACTORY USA, INC.<br><br>Defendant. | Civil Action No. 1:18-CV-10227-LTS |

## ANSWER

Defendant, The Heat Factory USA, Inc. ("Defendant" or "Heat Factory"), hereby responds to Schawbel Technologies LLC's ("Plaintiff" or "Schawbel") complaint (the "Complaint") as follows:

## INTRODUCTION

Defendant denies the allegations contained in the unnumbered first paragraph of the Complaint entitled "Introduction."

## THE PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies each and every allegation contained therein.

2. Defendant admits the allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits that Heat Factory sells goods in Massachusetts but

denies the remaining allegations contained in Paragraph 4.

5. Defendant admits that Sections 8.05 and 12.8 of the APA (as used herein, "APA" shall have the definition ascribed in the Complaint) and Licensing Agreement (as used herein, "License Agreement" shall have the definition ascribed in the Complaint), respectively, set forth a choice of law clause which selects the laws of the Commonwealth of Massachusetts as the law governing the APA and Licensing Agreement but denies the remaining allegations contained in Paragraph 5.

## THE ASSET PURCHASE AGREEMENT

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies each and every allegation contained therein.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies each and every allegation contained therein.

8. Defendant admits the allegations contained in Paragraph 8.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 as the phrase "the patented technology referenced herein" is vague and ambiguous, and on that basis denies each and every allegation contained therein.

10. Defendant admits that Heat Factory executed the APA on July 18, 2017, but denies the remaining allegations contained in Paragraph 10.

11. Defendant admits that pursuant to the terms of the APA, Schawbel agreed to sell to Heat Factory certain heated insoles, battery packs, and related heating products

it had in inventory as further detailed on Schedule A of the APA. Defendant admits that Exhibit 1 of the Complaint appears to be a true and accurate copy of the APA. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 11, and on that basis denies each and every remaining allegation contained therein.

12. Defendant admits that Heat Factory agreed to pay Schawbel $3,700,000 for the Inventory (as that term is defined in the APA), and according to the payment schedules set forth in this paragraph, pursuant to the other terms and conditions set forth in the APA but denies the remaining allegations contained in Paragraph 12.

13. Defendant admits that Heat Factory did not transmit any funds to Schawbel on January 10, 2018, but denies that any funds were due to Schawbel and denies the allegations in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits that Section 8.10 of the APA provides, among other things, for an award of attorney's fees and costs under certain circumstances but denies the remaining allegations contained in Paragraph 15.

## THE EXCLUSIVE PATENT LICENSE AGREEMENT

16. Defendant admits that Heat Factory executed the License Agreement on July 18, 2017, but denies the remaining allegations contained in Paragraph 16.

17. Defendant admits that pursuant to the terms of the License Agreement, Schawbel agreed, among other things, to provide an exclusive license to Heat Factory of certain patents, technological information, and general know-how. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining

allegations in paragraph 17, inclusive of footnote 2, and on that basis denies each and every remaining allegation contained therein.

18. Defendant admits that Appendix C (not Exhibit C) to the License Agreement identifies the patents and patent applications licensed under the License Agreement. Defendant admits that Exhibit 2 of the Complaint appears to be a true and accurate copy of the License Agreement. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18, in that "the series of Patent claims" is vague and ambiguous, and on that basis denies each and every remaining allegation contained therein.

19. Defendant admits that per Section 2.1(a)(i) of License Agreement, the license granted to Heat Factory therein included the exclusive right to make and sell "Products" (as that term is defined in the License Agreement). Defendant admits that the definition of "Products" includes, among other things, products which "absent the license granted hereunder would infringe, or is covered by, one or more Claims of the Patents," but denies the remaining allegations contained in Paragraph 19.

20. Defendant admits that, subject to the other terms and conditions of the License Agreement, Section 3.1 of the License Agreement provides, among other things, for Heat Factory's payment of monthly royalty payments to Schawbel, beginning January 1, 2018, which were calculated as a percentage of Net Sales (as defined in the License Agreement), but denies the remaining allegations contained in Paragraph 20.

21. Defendant admits that pursuant to Section 3.2 of the License Agreement, Heat Factory guaranteed, subject to the other terms and conditions set forth in the License Agreement, an aggregate minimum royalty payment totaling $300,000 to be payable

monthly, commencing on January 15, 2018 and continuing until June 15, 2018, but denies the remaining allegations contained in Paragraph 21.

22. Defendant admits that Section 3.2 of the License Agreement provides, among other things, for the payment schedule set forth in paragraph 22, subject to the other terms and conditions of the License Agreement, but denies the remaining allegations contained in Paragraph 22.

23. Defendant admits that the License Agreement provides that Schawbel may terminate the License Agreement, upon certain preconditions and other limitations, in the event of certain defaults by Heat Factory under the APA, but denies the remaining allegations contained in Paragraph 23.

24. Defendant admits that Section 9.4(a) of the License Agreement provides that Schawbel may terminate the License Agreement, upon certain preconditions and other limitations, in the event of certain defaults by Heat Factory under the APA, but denies the remaining allegations contained in Paragraph 24.

25. Defendant admits that Section 9.4(a) of the License Agreement includes the language quoted in this paragraph, among other terms, but denies the remaining allegations contained in Paragraph 25.

26. Defendant admits that Section 9.6 of the License Agreement includes the language quoted in this paragraph, among other terms, but denies the remaining allegations contained in Paragraph 26.

27. Defendant admits that Section 9.6 of the License Agreement includes the language quoted in this paragraph, among other terms, but denies the remaining allegations contained in Paragraph 27.

28. Defendant admits that Section 9.7 of the License Agreement includes the language quoted in this paragraph, among other terms, but denies the remaining allegations contained in Paragraph 28.

29. Defendant admits the Licensing Agreement provides for an award of attorney's fees and costs under certain circumstances, but denies the remaining allegations contained in Paragraph 29.

## COUNT ONE
(Breach of Contract- The Asset Purchase Agreement)

30. Defendant repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 29.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph 31, and on that basis denies each and every allegation contained therein.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant admits it received a letter from Schawbel, dated December 11, 2017, stating, among other things, that "Schawbel Technologies has not received the Purchase Price Payment due on or before December 10, 2017," but denies the remaining allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant admits that Heat Factory did not transmit any funds to Schawbel on January 10, 2018, but denies that any funds were due to Schawbel and denies the remaining allegations contained in Paragraph 40.

41. Defendant admits it received a letter from Schawbel, dated January 13, 2018, stating, among other things, that it had not received the "Purchase Price Payment due on or before January 10, 2018. The gross amount due as set forth in the Agreement is $600,000…," but denies the remaining allegations contained in Paragraph 41.

42. Defendant admits that Heat Factory did not transmit any funds to Schawbel on January 10, 2018, but denies that any funds were due to Schawbel and denies the remaining allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

47. Defendant denies the allegations contained in Paragraph 47.

## COUNT TWO
(Patent Infringement- 35 U.S.C. §281- The License Agreement)

48. Defendant repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 47.

49. Defendant admits it is informed and believes that Schawbel is the owner of the Patent Rights (as defined in the License Agreement) but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49, and on that basis denies each and every remaining allegation contained therein.

50. Defendant admits it purchased the Inventory from Schawbel under the

terms of the APA but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis denies each and every remaining allegation contained therein.

51.    Defendant denies the allegations contained in Paragraph 51.

52.    Defendant admits it received a letter from Schawbel, dated January 31, 2018, stating, among other things, that "the License Agreement is hereby terminated, effective immediately, pursuant to Section 9.4(a) thereof." Defendant admits that the letter attached as Exhibit 22 to the Complaint appears to be a copy of the said letter. Defendant denies the remaining allegations contained in Paragraph 52.

53.    Defendant denies the allegations contained in Paragraph 53.

54.    Defendant denies the allegations contained in Paragraph 54.

55.    Defendant denies the allegations contained in Paragraph 55.

56.    Defendant denies the allegations contained in Paragraph 56.

57.    Defendant denies the allegations contained in Paragraph 57.

58.    Defendant denies the allegations contained in Paragraph 58.

59.    Defendant denies the allegations contained in Paragraph 59.

60.    Defendant denies the allegations contained in Paragraph 60.

61.    Defendant denies the allegations contained in Paragraph 61.

62.    Defendant denies the allegations contained in Paragraph 62.

63.    Defendant denies the allegations contained in Paragraph 63.

**COUNT THREE**
(Declaratory Judgment — The License Agreement)

64.    Defendant repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 63.

65. Defendant admits that the License Agreement provides that Schawbel may terminate the License Agreement, upon certain preconditions and other limitations, in the event of certain defaults by Heat Factory under the APA but denies the remaining allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant admits the allegations contained in Paragraph 73.

74. Defendant acknowledges that Schawbel requests a declaratory judgment, but denies that Schawbel is entitled to the declaratory judgment requested and therefore denies the allegations contained in Paragraph 74.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's causes of action against Defendant are barred by the equitable doctrine of unclean hands.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover all or part of its claimed damages on the grounds that it has failed to mitigate its damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action against Defendant are barred by the equitable doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff waived any rights it had with regards to the APA and License Agreement.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's unreasonable acts and omissions proximately caused or otherwise contributed to its own alleged damages, and therefore any recovery it might obtain in this action must be reduced on the basis of its proportionate fault.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's performance under the APA and License Agreement alleged in the Complaint are excused because Plaintiff's unreasonable and bad faith acts and omissions made it impossible and/or impracticable for Defendant to perform.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant has performed all duties owned under the APA and License Agreement alleged in the Complaint, other than those duties which were prevented or excused, and therefore never breached said agreements.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's performance under the APA and License Agreement alleged in the Complaint is excused in whole or in part because of Plaintiff's prior breach(es) of contract.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of the claims set forth against Defendant in its Complaint and in the various agreements identified therein.

### TENTH AFFIRMATIVE DEFENSE

The consideration provided by Plaintiff under the APA and License Agreement alleged in the Complaint was inferior to what as promised such that Defendant's performance under such agreements is excused in whole or in part.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff owes money or other valuable consideration to Defendant, or has not properly credited payments made, and as a result, Defendant owes less than the amount claimed by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Venue is improper in United States District Court for the District of Massachusetts.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action is barred by a prior action pending which involves the same transactions, issues, parties, and property that are the subject of the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff made fraudulent, intentional, and or negligent misrepresentations to Defendant with regards to the APA and License Agreement alleged in the Complaint, and therefore, any recovery it might obtain in this action must be reduced on the basis of its proportionate fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant was prevented and/or excused from performance under the APA and License Agreement alleged in the Complaint due to an event(s) of force majeure.

WHEREFORE, Defendant Heat Factory requests that this Court:

1. Dismiss the Complaint, and each count of the Complaint, with prejudice;

2. Award Defendant its attorney's fees and costs, to the extent permitted by law; and

3. Award such other and further relief as the Court deems just and proper.

                Respectfully submitted,
                THE HEAT FACTORY USA, INC.
                By its attorneys,

                /s/ Lawrence S. Delaney
                _____
                Joseph L. Demeo, BBO No. 561254
                Lawrence S. Delaney, BBO No. 557063
                Demeo LLP
                200 State Street
                Boston, Massachusetts 02109
                JDemeo@DemeoLLP.com
                LDelaney@DemeoLLP.com
                (617) 263-2600

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on March 12, 2018.

                                    /s/ Lawrence S. Delaney
                                    Lawrence S. Delaney