# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCHAWBEL TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE HEAT FACTORY USA, INC., <br><br> Defendant. | Civil Action No. 1:18-CV-10227-LTS |

# MEMORANDUM IN SUPPORT
# OF
# DEFENDANT'S MOTION TO DISMISS, TRANSFER OR STAY

Defendant The Heat Factory USA, Inc. ("Heat Factory") submits this Memorandum in Support of its Motion to Dismiss, Transfer or Stay this action. As a patent action, this case should be dismissed or transferred pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue under 28 U.S.C. §§ 1400(b) & 1406(a). In addition, any remaining non-patent claims should be dismissed, or stayed, because a prior action involving the same parties, and arising out of the same transactions and contracts, is currently pending in the Superior Court of San Diego County, California and a trial date of February 8, 2019 has been set in that action.[1]

---

[1] This memorandum cites the accompanying declarations of Heat Factory's California counsel Thomas N. Fay ("Fay Decl.") and its President David Treptow ("Treptow Decl.").

## BACKGROUND

This dispute arises out of contracts between Heat Factory and Schawbel Technologies, LLC ("Schawbel"), which were competitors in the business of manufacturing and selling heated insoles, hand warmers, and related heating products. Fay. Decl., Ex. A at ¶ 4.[2] On or about July 18, 2017, the Parties entered into an Asset Purchase Agreement (the "APA") and an Exclusive Patent License Agreement ("License Agreement") (together the "Agreements"). Fay. Decl., Ex. A at ¶ 5. Under the Agreements, Heat Factory would acquire all of Schawbel's inventory and resell it, as well as receive an exclusive license to use and license certain patents.[3] Fay. Decl., Ex. A at ¶ 5. In exchange, Heat Factory was to make specified payments to Schawbel under both Agreements. Fay. Decl., Ex. A at ¶ 6. These payments were to be adjusted downward by the amount of any credit balances, defect deductions, and cash rebates resulting from Schawbel's previous sales (the "Offsets"). Fay. Decl., Ex. A at ¶ 6. Further, as part of the negotiations and due diligence conducted in connection with the Agreements, Schawbel provided certain financial information, which it warranted was accurate, and represented that all materially adverse facts had been disclosed. Fay. Decl., Ex. A at ¶ 7.

Since entering into the Agreements, Schawbel has repeatedly refused to acknowledge the existence of certain Offsets and has demanded payments from Heat Factory above amounts actually owed. Fay. Decl., Ex. A at ¶ 8. Heat Factory also discovered that the financial information provided by Schawbel was misleading and omitted material information. Fay. Decl., Ex. A at ¶ 9.

---

[2]   The facts outlined here are drawn from Heat Factory's California complaint, which is attached as Exhibit A to the Fay Declaration.

[3]   Those patents form the basis of Schawbel's patent infringement claim in this action.

**PROCEDURAL STATUS**

On January 18, 2018, Heat Factory filed suit against Schawbel in the Superior Court of California, County of San Diego (the "California Action"). Fay Decl. ¶ 4. That complaint asserts claims for: Breach of Contract (Count I); Fraud (Count II); Negligent Misrepresentation (Count III); Express Indemnity (Count IV); Intentional Interference with Prospective Economic Advantage (Count V); and Declaratory Relief (Count VI). Fay Decl. ¶¶ 4 & 5 & Ex. A.

On February 6, 2018 — after learning of the pendency of the California Action, *see* Fay Decl. ¶ 6 — Schawbel filed the instant action alleging breach of the APA (Count I), patent infringement pursuant to 35 U.S.C. § 281 (Count II), and seeking a declaratory judgment regarding the License Agreement (Count III). Compl., ECF No. 1.

While Schawbel characterizes this suit as a patent case, *see* Civil Cover Sheet (ECF No. 1-1), Schawbel's claims arise from the same set of facts and circumstances as the California Action, as well as the same contracts: the License Agreement and APA. Count II of the Complaint alleges that Heat Factory is infringing 19 patents, but those infringement claims turn on whether Schawbel's purported termination of the License Agreement was effective. That issue is in dispute, as Schawbel acknowledges in seeking, in Count III of the Complaint, a declaratory judgment as to the parties rights and responsibilities under the License Agreement. *See* Compl. Count III.

In its Complaint, Schawbel asserts that venue is proper in this District pursuant to 28 U.S.C. § 1391(b), the general venue statute, "because a substantial part of the events giving rise to Schawbel's claims occurred in this District." Compl. ¶ 5. In its Answer (ECF No. 9), Heat Factory denies that allegation and raises improper venue and the

existence of a prior pending action, as affirmative defenses. *Id.*, 12th & 13th Affirmative Defenses.

In the Joint Statement of the Parties (ECF No. 18) filed on May 18, 2018, Heat Factory disclosed an intent to file a Motion to Dismiss or Transfer by May 31, 2018. During the discussion of that contemplated motion at the Initial Scheduling Conference on May 23, 2018, however, counsel for Schawbel advised the Court that Schawbel had already filed a Motion to Stay in the California Action. Given the pendency of that motion in the prior-filed action, Heat Factory postponed filing the instant motion in this case.

Schawbel's Motion to Stay was filed on May 14, 2018 in the California Action. Fay Decl. ¶ 8 & Ex. B. Heat Factory filed an opposition to the California motion and Schawbel filed a reply memorandum. *See* Fay Decl. ¶¶ 9 & 10 & Exs. C & D.

Following a hearing on August 3, 2018, the Superior Court for San Diego County denied Schawbel's Motion to Stay and set a firm trial date for a four-day jury trial to begin on February 8, 2019 in the California Action. Fay Decl. ¶¶ 11 & 12 & Ex. E.

**ARGUMENT**

**I.   Venue is Improper in this District for Patent Claims Against Heat Factory**

This District is not a proper venue for Schawbel's Complaint pursuant to the federal patent venue statute, 28 U.S.C. § 1400(b). That statute provides that proper venue for a civil action for patent infringement can only lie "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400. Plaintiff bears the burden of demonstrating that venue is proper, a burden which Schawbel cannot meet here under

either prong of the test. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086-87 (1st Cir. 1979).

For purposes of Section 1400(b), "'reside[nce] . . . refers only to the State of incorporation." *TC Heartland v. Kraft Foods Group Brands, LLC*, 137 S. Ct. 1514, 1521 (2017). Heat Factory is not a resident of Massachusetts. Rather, because Heat Factory is incorporated under the laws of Nevada, it resides in Nevada for purposes of Section 1400(b). Compl. ¶ 2; Treptow Decl. ¶ 2; *see TC Heartland*, 137 S. Ct. at 1521.

As to the second prong of the Section 1400(b) test, Schawbel has not, and cannot, establish that the District of Massachusetts is where "the defendant has committed acts of infringement *and* has a regular and established place of business." *See* 28 U.S.C. § 1400(b) (emphasis added). In evaluating whether a defendant "has a regular and established place of business" in the Commonwealth for purposes of Section 1400(b), courts in the First Circuit have considered whether the defendant has inventory in Massachusetts, owns real property in Massachusetts, has a bank account in Massachusetts, or has a "permanent and continuous presence" in Massachusetts. *See Cordis Corp.*, 599 F.2d at 1086-87; *Johnston v. IVAC Corp.*, 681 F. Supp. 959, 964 (D. Mass. 1987). Here, none of those factors are present and Heat Factory plainly does not have "a regular and established place of business" in Massachusetts. *See* Treptow Decl. ¶¶ 4-8.

As Schawbel concedes, Heat Factory's principal place of business is located in Carlsbad, California. Compl. ¶ 2. Heat Factory has no permanent or continuous presence in Massachusetts. *See* Treptow Decl. ¶ 6. Heat Factory has no offices, warehouses, factories, stores, or real estate in Massachusetts and has no employees here. *Id.* ¶¶ 7 & 8.

5

Heat Factory's sole connection to Massachusetts in this suit is that it entered into the Agreements with Schawbel, a Massachusetts company.[4] This does not suffice to make venue proper in this District under Section 1400(b).[5]

Because Schawbel cannot establish that venue is proper in this District under either basis set forth in 28 U.S.C. § 1400(b), Schawbel's Complaint should be dismissed pursuant to 28 U.S.C. § 1406(a). *See, e.g.*, *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 743 F.2d 947, 956 (1st Cir. 1984) (affirming dismissal for improper venue); *Cabot Corp. v. WGM Safety Corp.*, 562 F. Supp. 891, 892 (D. Mass. 1983) (allowing defendant's motion to dismiss where venue was improper under Section 1400(b)).

In the event that the Court declines to exercise its discretion to dismiss Schawbel's entire Complaint pursuant to 28 U.S.C. § 1400(b), venue as to the patent infringement claim is plainly improper and Count II must be dismissed. As an alternative to dismissal, this case may be transferred "to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). Under Section 1400(b), the only districts in which Schawbel's patent claim "could have been brought" are the District of Nevada and the Southern District of California. *See* 28 U.S.C. § 1400(b).

---

[4] Schawbel alleges in its Complaint that, "[u]pon information and belief, Heat Factory products . . . are sold in Massachusetts." Compl. ¶ 9. This is likewise inadequate to demonstrate that Heat Factory has "a regular and established place of business" in Massachusetts. *See Boston Scientific Corp. v. Cook Group Inc.*, 269 F. Supp. 3d 229, 247-48 (D. Del. 2017) ("A website, which by its very nature can generally be accessed anywhere at anytime by anyone, cannot alone constitute the type of continuous and permanent presence in the district required by § 1400(b) . . . [and] a regular and established place of business does not arise solely from a defendant simply shipping goods into a district – whether to an individual or for distribution by third parties.").

[5] In Paragraph 5 of its Complaint, Schawbel notes that Section 8.05 of the APA and Section 12.8 of the License Agreement provide that both Agreements are governed by the laws of the Commonwealth of Massachusetts. *See* Compl. ¶ 5. Schawbel does not, and could not, assert that the Parties have agreed to this forum as neither agreement contains a forum selection clause.

**II.  The Complaint is Barred Under the Prior-Pending-Action Doctrine**

The prior-pending-action doctrine provides an alternative basis for dismissing any remaining counts of Schawbel's Complaint. The prior-pending-action doctrine operates to bar a suit where an earlier filed suit is pending "in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction . . . ." *See Quality One Wireless, LLC v. Goldie Group LLC*, 37 F. Supp. 3d 536, 540 (D. Mass. 2014), *citing O'Reilly v. Curtis Publ'g Co.*, 31 F. Supp. 364, 364-65 (D. Mass. 1940). As explained in *Quality One Wireless, LLC*, "[t]he doctrine arises out of concerns about judicial efficiency and avoiding inconsistent judgments" and applies where "two conditions are met: (1) there exists an identity of issues between the two actions and (2) the controlling issues in the later-filed action will be determined in the earlier-filed action." *Id.* at 541 (citation omitted).

Here, both conditions are met and the doctrine should apply to bar Schawbel's Complaint. Prior to Schawbel initiating the underlying action in this District, Heat Factory filed the California Action against Schawbel in the Superior Court of California, County of San Diego. The claims asserted in the California Action arise out of the Agreements, which are the same contracts that form the basis for Schawbel's Complaint in the instant suit. In the California Action, Heat Factory asserts a claim for breach of the APA. In this suit, Schawbel likewise asserts a claim for breach of the APA, and although Schawbel seeks to characterize the Complaint in this suit as a patent action, its patent claims turn on contract interpretation issues and whether the Licensing Agreement has been terminated. The doctrine is applicable where, as here, "the pending state-court action renders adjudication of [the present] action a 'truly duplicative proceeding.'" *See*

*Quality One Wireless, LLC*, 37 F. Supp. 3d at 543, *quoting Complaint of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980).[6]

Where the prior-pending-action doctrine applies, courts consider a variety of factors to determine whether dismissal or issuance of a stay is the more appropriate course of action. *See Quality One Wireless, LLC*, 37 F. Supp. 3d at 542. Those factors include:

> (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay [or dismissal].

*Id.* (citations omitted). Courts also consider, "the overlap of evidence, the risk of inconsistent judgment, principles of federalism, whether all parties can be joined in a single action, conservation of judicial resources, and the original plaintiff's choice of forum." *Id.* (citations omitted).

"The appropriate course of action is within the sound discretion of the court, and many courts have decided to dismiss actions without prejudice." *Quality One Wireless, LLC*, 37 F. Supp. 3d at 542-43 (noting that "the doctrine has been widely used in other districts"); *see Bourne v. Gardner*, 270 F. Supp. 3d 385, 388 (D. Mass. 2017) (applying prior-pending-action doctrine and dismissing case where plaintiff filed complaint in Massachusetts Superior Court prior to filing suit against the same defendants in federal court and "the factual allegations [were] nearly identical"); *Kersey v. Prudential Ins. Agency, LLC*, No. CV 15-14186, 2017 WL 5162006, at *8 (D. Mass. Feb. 3, 2017)

---

[6] The similarities between the two actions appear not to be in dispute here as Schawbel, in its unsuccessful Motion to Stay, characterized this case and the California Action as "substantially identical." Fay Decl. Ex. A, Memorandum at p. 1.

8

(applying prior-pending-action doctrine to dismiss case where parties were identical, cases were "sufficiently analogous," and where "plaintiffs [were] seeking identical relief in both cases, and the resolution of the two cases [would] require substantially the same witnesses and other evidence"); *Jones v. Revenue Assistance Program*, No. CV 15-14017, 2016 WL 3919843, at *1 (D. Mass. July 14, 2016) (applying prior-pending-action doctrine to dismiss case where an earlier filed suit was pending in the same court, parties were identical, and where resolution of defendant's motion for judgment on the pleadings in the first case would resolve issues in later-filed case).

Application of the above factors weighs strongly in favor of dismissal of Schawbel's Complaint. Most notably, the identities of the parties in each suit are identical and the issues are substantially similar. *See Quality One Wireless, LLC*, 37 F. Supp. 3d at 542. The claims in both this suit and the California Action arise out of the same negotiations and the same contracts: the APA and the License Agreement. Accordingly, the overlap in evidence, documents, and witnesses is likely to be significant. *Id.*; *see* Treptow Decl. ¶¶ 10-12. Resolution of both cases will require discovery on the negotiations that occurred between the parties prior to entering into the Agreements, communications between the parties' representatives involved in the execution of the Agreements, and the parties' conduct pursuant to the terms of the Agreements.

For these same reasons, dismissal will likewise promote judicial efficiency, properly conserve judicial resources, and avoid any risk of inconsistent judgments. *See Quality One Wireless, LLC*, 37 F. Supp. 3d at 542. If both suits were to proceed, valuable judicial resources would be unnecessarily expended to adjudicate claims arising from the

same negotiations and contracts, circumstances which the prior-pending-action doctrine squarely seeks to avoid. *See Quality One Wireless, LLC*, 37 F. Supp. 3d at 541.

Heat Factory, as the original plaintiff in the earlier filed action, is entitled to deference in its choice of forum, here, the Superior Court of California. *See Quality One Wireless, LLC*, 37 F. Supp. 3d at 542-43 ("[I]n the prior pending action inquiry, the plaintiff whose choice of forum is relevant is the original plaintiff – i.e., the plaintiff in the first-filed action"). A firm trial date of February 8, 2019 has already been set in the California Action. *See* Fay Decl. ¶ 12 & Ex. E. Furthermore, since Schawbel was on notice of the California Action before filing suit in this District, *see* Fay Decl. ¶ 6, it will suffer no prejudice by properly litigating the claims between the parties in California state court.

In the alternative, for the reasons set forth above, Counts I & III of the Complaint should be stayed pending resolution of the California Action. *See Quality One Wireless, LLC*, 37 F. Supp. 3d at 543 (applying the prior-pending-action doctrine to issue stay where the two actions "present[ed] nearly identical facts and issues").

## CONCLUSION

For the reasons presented above, Heat Factory respectfully requests that this Court dismiss this action (a) pursuant to 28 U.S.C. § 1406(a) because venue is improper in this District and (b) by application of the prior-pending-action doctrine. In the alternative, the Heat Factory respectfully requests that the Court transfer this action to the District of Nevada or the Southern District of California or stay this action pending resolution of the California Action.

    Respectfully submitted,

    THE HEAT FACTORY USA, INC.

    By its attorneys,

    /s/ Lawrence S. Delaney
    _____
    Lawrence S. Delaney, BBO No. 557063
    Gina M. Puls, BBO No. 697122
    Demeo LLP
    200 State Street
    Boston, Massachusetts 02109
    LDelaney@DemeoLLP.com
    (617) 263-2600

Dated: August 13, 2018

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on August 13, 2018.

                                       /s/ Lawrence S. Delaney
                                       _____
                                       Lawrence S. Delaney