UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCHAWBEL TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE HEAT FACTORY USA, INC.<br><br>Defendant. | Civil Action No. 1:18-CV-10227-LTS |

**[PROPOSED] REPLY MEMORANDUM
IN SUPPORT OF
MOTION TO DISMISS, TRANSFER OR STAY**

Defendant The Heat Factory USA, Inc. ("Heat Factory") submits this Reply Memorandum in further support of Defendant's Motion to Dismiss, Transfer or Stay (the "Motion") and in response to Plaintiff Schawbel Technologies, LLC's ("Schawbel") Opposition to Heat Factory's Motion to Dismiss (the "Opposition"). Schawbel's Complaint should be dismissed, transferred or stayed because an earlier filed case involving the same parties, facts and claims is pending in United States District Court for the Southern District of California[1] and because venue is improper in this District of Massachusetts for the patent claims asserted against Heat Factory in this action.

### I. Schawbel's Arguments Have Already Been Rejected in California State Court.

The principal arguments advanced in the Opposition — that the California Action was a "placeholder" and that Heat Factory has "actively participated" in this action — were rejected by the Superior Court in California, when it denied Schawbel's Motion to Stay. Delays in the

---

[1] *Heat Factory USA, Inc. v. Schawbel Technologies LLC*, Case No. 3:18-cv-01941-WQH-BGS (U.S. District Court for the Southern District of California). *See* Supplemental Declaration of Thomas N. Fay ("Fay Supp. Decl."), filed contemporaneously herewith, ¶¶ 10-12 & Exs. B & C.

California litigation are mostly due to Schawbel's conduct. Schawbel demanded that service of the California complaint be delayed, as the price for providing Heat Factory a brief extension of time to answer in this action. Fay Supp. Decl. ¶ 4. Then, after obtaining an extension of time to answer in California, Schawbel moved to stay and scheduled that motion to be heard months out, rather than within 30 days, as is the usual practice. *Id.* ¶¶ 5-6. Finally, after losing that motion and receiving an early trial date, Schawbel removed the California case to Federal court, an action that it could have taken any time in the last six months.

## II. The First-Filed Rule Dictates That the Southern District of California is the Appropriate Venue for the Parties' Dispute.

The Opposition overlooks that with Schawbel's removal of the California action there are now two parallel Federal cases[2] and it is the first-filed rule, rather than the prior-pending-action doctrine, that is now at issue. The first-filed rule provides that where two identical actions between the same parties are pending in two different federal courts, "the first filed action is generally preferred in a choice-of-venue decision." *Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987); *see Biolitec, Inc. v. AngioDynamics, Inc.*, 581 F. Supp. 2d 152, 158 (D. Mass. 2008) (transferring action to jurisdiction where first-filed action was pending as "Plaintiff cannot distance itself from the first-filed rule, particularly given that its claims have now been filed as counterclaims in the [first-filed] action").

Under the first-filed rule, when a state action is removed to Federal court, the date of filing, rather than the date of removal, controls. *See Feinstein v. Brown*, 304 F. Supp. 2d 279, 282 (D.R.I. 2004) ("The action filed by Plaintiffs in state court and subsequently removed to this Court is first-filed" for purposes of first-filed rule); *Manufacturers Hanover Trust Co. v. Palmer*

---

[2] By virtue of Schawbel's Cross-Complaint, every claim pending here is also pending in California and Schawbel has asserted two additional claims. *Compare* Schawbel's Complaint, ECF No. 1, *with* Fay Supp. Decl., Ex. B. The only claims by Heat Factory against Schawbel are the six counts pending in California. *See* Fay Decl., Ex A (ECF No. 38-1).

*Corp.*, 798 F. Supp. 161, 166 (S.D.N.Y 1992) ("there is ample authority for the proposition that the state court filing date is the relevant benchmark" for purposes of the first-filed rule). This is so because, "[o]nce a case is removed, the federal court takes [the case] as it is" and "proceeds 'as if it originally had been brought in the federal court.'" *Unlimited Tech., Inc. v. Leighton*, 266 F. Supp. 3d 787, 792 (E.D. Pa. 2017) (citation omitted) ("filing date of the state court action, not the date of removal, is the operative date for applying the first-filed rule"). Accordingly, because Heat Factory filed suit in California Superior Court on January 18, 2018 and Schawbel filed this action on February 6, 2018, the case pending in the Southern District of California is the first-filed action.

Exceptions to the first-filed rule include where a party engages in a "race to the courthouse" or where "the balance of convenience substantially favors the second-filed action." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 127 (D. Mass. 2012). Neither exception applies here. Moreover, it is the first-filed court – not this Court – that should make that determination. "The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate." *Id.* at 129 (emphasis in original). Judicial economy compels this conclusion because if this Court were to deny the instant motion in its entirety, and permit this action to proceed, the pending California action would be unaffected and the parallel suits would proceed simultaneously. *Id.* at 130 ("Were the Court to find that the present case warrants an exception to the presumption in favor of the first-filed court, it would have no authority to reach out and grab the [first-filed] case.").

As a practical matter, Schawbel by delaying removal of the California action, elected to have the California Superior Court (rather than a judge of the Southern District of California) consider its arguments in favor of this forum. Schawbel's arguments in that court were identical

to those presented in the Opposition, *see* Fay Decl., Exs. B & D (ECF Nos. 38-2 & 38-4), and were soundly rejected.[3]

### III.     This District is Not the Proper Venue for Schawbel's Patent Claims.

Schawbel has now asserted — in the Southern District of California — the exact patent claim found in Count II of its Complaint in this action. *Compare* Fay Supp. Decl., Ex. B, *with* Schawbel's Complaint, ECF No. 1. While California is a proper venue for patent claims against Heat Factory, Massachusetts is not.[4] Pursuant to *TC Heartland v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1521 (2017), and as outlined in Heat Factory's Memorandum (ECF No. 37), venue for Schawbel's patent infringement claim is proper only in two jurisdictions: (1) the District of Nevada, Heat Factory's state of incorporation and thus, its "residence" pursuant to 28 U.S.C. § 1400(b); or, alternatively (2) the Southern District of California, the only District in which Heat Factory has a "regular and established place of business." *See* 28 U.S.C. § 1400(b).

Faced with the Treptow Declaration detailing that Heat Factory has no place of business in Massachusetts (ECF No. 39), Schawbel cites cases that predate *TC Heartland* to make the insincere claim that the "inventory" of a third-party retailer or potential internet sales are sufficient to establish Heat Factory has a "regular and established place of business" in the Commonwealth. Recent cases have rejected this expansive approach. *See, e.g.*, *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2-3 (E.D. Tex. June 4, 2018) (collecting cases and noting that "[t]he purpose of the statutory limits on venue in the patent venue statute was to protect defendants from being sued in forums distant from their place of incorporation or residence"); *SportPet Designs Inc. v. Cat1st Corp.*, No. 17-

---

[3]     It is telling that when presented with the argument that the California action was a mere "placeholder" the California Superior Court not only denied the motion to stay, but then scheduled a speedy trial date.

[4]     As the Plaintiff, Schawbel has the burden of demonstrating that venue is proper here. *See Cordis Corp. v. Cardiac Pacemakers*, 599 F.2d 1085, 1086-87 (1st Cir. 1979).

CV-0554, 2018 WL 1157925, at *3-4 (E.D. Wis. Mar. 2, 2018) (granting defendant's motion to dismiss patent claims for improper venue where defendant did not have a "regular and established place of business" in Wisconsin for purposes of Section 1400(b) despite the fact that defendant may have shipped inventory to third-party distribution center in Wisconsin); *Hand Held Prods. v. Code Corp.*, 265 F. Supp. 3d 640 (D.S.C. 2017) ("The presence of a third-party distributing [defendant's] products also is irrelevant"); *LoganTree LP v. Garmin Int'l, Inc.*, No. SA-17-CA-0098-FB, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) ("The fact that defendants sell their activity trackers to distributors in Texas Western will not establish venue.").[5] Schawbel's failure to meet its burden of establishing that venue for Count II is proper in this District is an alternative reason to dismiss that count or transfer it to the Southern District of California.

## CONCLUSION

For the reasons set forth above and in Heat Factory's Motion and Memorandum in Support of its Motion to Dismiss, Transfer or Stay (ECF Nos. 36 & 37), Heat Factory respectfully requests that this matter be dismissed, transferred to the Southern District of California, or stayed pending resolution of the California Action.

---

[5] This Court should also reject any suggestion by Schawbel that Heat Factory waived its right to challenge venue in this District. In its Answer, Heat Factory denied that venue was proper in this District and raised improper venue as an affirmative defense. *See* ECF No. 9. Heat Factory also stated in the Parties' Rule 16 Joint Statement that it planned to file this Motion on the basis of improper venue (ECF No. 18) and raised the issue with the Court at the May 23, 2018 initial scheduling conference. *See* Exhibit A to the Affidavit of Michael P. Connolly (Hearing Transcript at 8, ECF No. 42-9).

Respectfully submitted,

_____
Lawrence S. Delaney, BBO No. 557063
Gina M. Puls, BBO No. 697122
Demeo LLP
200 State Street
Boston, Massachusetts 02109
LDelaney@DemeoLLP.com
(617) 263-2600

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") on August ___, 2018.

                                                                             _____