UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SCHAWBEL TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE HEAT FACTORY USA, INC.<br><br>Defendant. | Civil Action No. 1:18-CV-10227-LTS |

**[PROPOSED] SUPPLEMENTAL DECLARATION OF THOMAS N. FAY**

I, Thomas N. Fay, declare as follows:

1. I am an attorney with the law firm Murtaugh Treglia Stern & Deily LLP of Irvine, California. I am a member in good standing of the bar of California and, except as noted, I have personal knowledge of the facts set forth herein.

2. I represent the Defendant in this action, The Heat Factory USA, Inc. ("The Heat Factory") in a case it initiated against the Plaintiff in this action, Schawbel Technologies, LLC ("Schawbel") in the Superior Court of California, County of San Diego, and which Schawbel has removed to the U.S. District Court for the Southern District of California (the "California Action").

3. The disputes herein surrounding payment began arising in late 2017 with respect to certain relatively narrow issues relating to offsets for particular buyers of Heat Factory's goods.  As Heat Factory's personnel began looking deeper into the offset issues, they discovered a number of significant misrepresentations about the state of Schawbel's financial affairs (and on various other topics) had been made during the negotiation of the APA and License Agreement

and as part of those agreements, meaning that the problem was significantly larger and more serious than previously realized, and that the earlier proposals between Heat Factory and Schawbel would no longer address the issues satisfactorily.  In mid-January, Heat Factory realized that it was faced with a major problem, and elected to proceed on two tracks simultaneously – protecting its rights via litigation, and discussions with Schawbel regarding a renegotiation of the APA.  On January 18, 2018, Heat Factory filed its Complaint in California to protect its rights, but held off on service in the hopes that a settlement could be worked out, as verbal discussions between counsel were ongoing.

4. Even after this case was initiated by Schawbel, Heat Factory held off on serving the California complaint in the hope the parties' dispute could be resolved.  Moreover, when Heat Factory encountered some initial difficulties and delays in securing Massachusetts representation, I requested a brief extension of time to answer from Schawbel's counsel, who insisted as a condition for such extension, that I agree not to serve Schawbel with the California complaint (of which Schawbel was well aware, and apparently had been well aware for quite some time).  I honored this agreement, and upon the filing of the answer (and the expiration of the agreement not to serve the complaint), I caused it to be served.

5. After service was made on Schawbel in the California Action, counsel for Schawbel requested an indefinite extension of time to respond to the Complaint in order to further settlement negotiations. As settlement negotiations were ongoing, Heat Factory agreed to a 30-day extension (the duration of which was a function of the California court setting an initial case management conference).

6. Instead of answering, Schawbel on May 11, 2018, filed a Motion to Stay the California Action, a copy of which was attached to my earlier declaration [ECF No. 38-2].

7. The appropriate practice in our Superior Court is for such motions to be noticed for a hearing within 30 days, consistent with the Code of Civil Procedure § 418.10(b), but in this case Schawbel's counsel failed to comply with the statutory timeline and obtained a hearing date more than 80 days out, on August 3, 2018.

8. After the Court's denial of the Motion to Stay, Schawbel on August 20, 2018, filed an Answer, a true and accurate copy of which is attached as **Exhibit A**.

9. Schawbel also filed in the San Diego Superior Court on August 20, 2018 a Cross-Complaint, a true and accurate copy of which (without attachments) is attached as **Exhibit B**.

10. The next day, on August 21, 2018, Schawbel filed a Notice of Removal in the U.S. District Court for the Southern District of California, a true and accurate copy of which (without attachments) is attached as **Exhibit C**.

11. A true and accurate copy of the Civil Cover Sheet filed by Schawbel in the removed case is attached as **Exhibit D**.

12. Following removal, the California Action has been assigned the Honorable William Q. Hayes and given case number 3:18-cv-01941-WQH-BGS.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Thomas N. Fay
California Bar No. 290907

Dated: August     , 2018