UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SCHAWBEL TECHNOLOGIES LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:18-cv-10227-LTS ) |
| THE HEAT FACTORY USA, INC., | ) ) ) |
| Defendant. | ) ) |

ORDER ON PENDING MOTIONS (DOCS. NO. 25, 36, 40)

September 12, 2018

SOROKIN, J.

Three motions are pending before the Court.

Defendant The Heat Factory USA, Inc. ("Heat Factory") filed a motion to dismiss or transfer Count II (the Patent claim) arising out of an alleged lack of venue in this district and to dismiss or stay Counts I and III in favor of an action filed in California state court. Doc. No. 36. Since that motion was filed, the state court action, which was originally filed on January 18, 2018, Doc. No. 37 at 3, was removed to the U.S. District Court for the Southern District of California on August 20, 2018, Doc. No. 42 at 5.

"Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987). And "[a]fter the removal of an action from state court . . . [t]he case will proceed as if it originally had been brought in the federal court." 14C Fed. Prac. & Proc. Juris. § 3738 (4th ed.). As a result, when a state court action is later removed to federal court, the date of the action's

filing in state court, rather than the date of removal, remains the relevant date. See Feinstein v. Brown, 304 F. Supp. 2d 279, 282 (D.R.I. 2004); see also Falafel Republic Mediterranean Foods, Inc. v. Tarazi Specialty Foods, Inc., No. 12-cv-10551-NMG, 2012 WL 12941889, at *10 (D. Mass. Sept. 28, 2012) (Collings, M.J.) (concurring and reasoning that this rule prevents potential gamesmanship of "waiting to remove pending actions until after . . . fil[ing] a separate action in another court"), SleepMed Inc. v. Pulse Sys., Inc., No. 15-cv-14041-IT, 2016 WL 7852466, at *1 (D. Mass. May 27, 2016) (applying this rule where no party opposed it).

The present action was filed on February 6, 2018, Doc. No. 1, after the filing of the California state court action on January 18. The action currently pending in the Southern District of California is therefore the first-filed action. Both Heat Factory and Plaintiff Schawbel Technologies LLC ("Schawbel") have described the two actions as sufficiently identical as to trigger the first-filed rule. Doc. No. 38-2 at 4 (Schawbel describing this action as "substantially identical" to the California action), Doc. No. 37 at 9 (Heat Factory describing "the identities of the parties in each suit [as] identical and the issues [as] substantially similar").

The parties agree with the foregoing analysis. Schawbel contends, however, that the Court should invoke an exception to the first-filed rule to deny the motion to dismiss or transfer. "There are at least two exceptions to the first-filed rule. The first is where there are special circumstances justifying a transfer, such as where the party bringing the first-filed action engaged in misleading conduct in order to prevail in a pre-emptive race to the courthouse. The second is where the balance of convenience substantially favors the second-filed action." See Transcanada Power Mktg., Ltd. v. Narragansett Elec. Co., 402 F. Supp. 2d 343, 347 (D. Mass. 2005) (internal quotations omitted).

Several reasons persuade the Court that neither exception is applicable to this Court's decision. The rule itself expresses a preference, at least, for the judge presiding over the first-filed case to determine whether the exception applies. See EMC Corp. v. Parallel Iron, LLC, 914 F. Supp. 2d 125, 129 (D. Mass. 2012); see also TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 4 (1st Cir. 1996) ("Where the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer."). No reason in this case warrants deviating from that salutary practice. And while venue for the patent claim unequivocally lies in California, the question of whether venue for that claim also lies in this district presents a more complicated question.

Finally, Schawbel expresses a concern that dismissal of this action will result in prejudicial delay, especially given that the products at issue are retail products appropriate for use in winter. But because the parties have fully briefed the issue, nothing prevents Schwabel from (1) filing a motion for a prompt hearing on a preliminary injunction in the federal court in California with the parties' memoranda as exhibits and/or (2) seeking an expedited scheduling conference or early evaluation under the local rules in California in light of the limited paper discovery that has occurred in this district to date.

For the foregoing reasons, the Court ALLOWS Heat Factory's motion to dismiss. Schawbel's motions to compel and for a preliminary injunction are DENIED AS MOOT. Doc. Nos. 25, 40.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge